Filed 7/14/21  P. v. Gutierrez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUBEN ELIAS GUTIERREZ,<br><br>Defendant and Appellant. | C086110<br><br>(Super. Ct. Nos.  16CF04382,<br>16CF05438, 17CF02922 ) |

Appointed counsel for defendant Ruben Elias Gutierrez filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

## I. BACKGROUND

A.    *Case Nos. 16CF04382* and *16CF05438*

On September 15, 2016, around 1:20 a.m., a Butte County Sheriff's deputy saw defendant riding a dirt bike with no license plates. Defendant was not wearing a helmet and there were no "running lights" on the dirt bike. The deputy stopped defendant and, when asked, defendant admitted to having a knife on him. Accordingly, the deputy searched defendant's person and found a 3-inch, fixed blade, steak knife, as well as methamphetamine and drug paraphernalia. Law enforcement determined the dirt bike was stolen.

Defendant was arrested and the People charged him in Butte County Superior Court case No. 16CF04382 (case No. 382) with driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)), carrying a dirk or dagger (Pen. Code, § 21310), possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). On September 19, 2016, defendant was released on his own recognizance.

On November 11, 2016, around 10:20 a.m., sheriff's deputies spotted defendant driving a motorcycle without a functioning taillight. The deputies turned around in order to stop defendant but defendant accelerated through an intersection, failing to stop at a stop sign. Defendant lost control of the motorcycle and collided with vegetation on the side of the road.

Defendant got off the motorcycle and fled on foot into a "wooded area." The deputies pursued defendant, giving him verbal commands to stop running. Despite their commands, defendant continued to run for approximately 200 yards before he fell to the ground. The deputies ordered him to stay on the ground and arrested him. The motorcycle was determined to be stolen.

The People subsequently charged defendant, in Butte County Superior Court case No. 16CF05438 (case No. 438), with driving or taking a vehicle without consent (Veh.

2

Code, § 10851, subd. (a)). The People alleged defendant committed the crime while out of custody on his own recognizance (Pen. Code, § 12022.1).

Defendant resolved both cases with a negotiated plea agreement. In both cases he pled guilty to driving or taking a vehicle without consent. In exchange for his plea, the remaining charges and allegations in both cases were dismissed with a *Harvey*[1] waiver. The trial court stayed imposition of sentence in both cases and placed defendant on 36 months of formal probation and ordered him to pay various fines and fees.

On March 8, 2017, the People filed a petition alleging defendant violated his probation, and on March 15, 2017, the trial court revoked defendant's probation. The People filed a second petition on May 8, 2017, alleging defendant violated his probation. On May 22, 2017, defendant admitted to violating his probation. The court reinstated formal probation and ordered defendant to serve 90 days in county jail.

B.     *Case No. 17CF02922*

On June 13, 2017, police officers were driving (in fully marked patrol vehicles) when one of the officers saw defendant in a car that was "facing eastbound in a westbound lane." Defendant was "looking into a mailbox." The officer drove his patrol car "head on" with the defendant's car; he recognized defendant. The officer knew defendant was "wanted for felony warrants." Defendant "looked directly at the officer and accelerated his vehicle around" the patrol car.

The officer followed defendant, drove around, turned on his lights and sirens, and "radioed" to another officer to stop defendant. Meanwhile, defendant was driving toward that second officer's patrol car "head on." The officer had to swerve to avoid being hit. Both officers pursued defendant. Defendant drove through barricades, failed to stop at a red light, and drove up to 70 miles per hour in a 30 mile-per-hour zone.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

Defendant continued to evade the officers by "weaving" through traffic at "dangerous speeds." As defendant approached a curve known for collisions, the officers decided to stop their pursuit due to public safety concerns. Accordingly, they slowed their patrol cars but continued around the curve where they saw defendant had collided with trees on the side of the road.

Defendant got out of the car and fled into a "densely vegetated" area down-slope from the roadway. One of the officers pursued defendant on foot and several times ordered him to "get on the ground." Defendant refused to comply. The officer ran into a wire fence and fell to the ground. Dazed, he continued to pursue defendant. Eventually, the officer was able to tackle defendant and hold him down until the second officer arrived; together, they were able to place defendant in handcuffs.

The People charged defendant in Butte County Superior Court case No. 17CF02922 (case No. 922) with recklessly evading a peace officer (Veh. Code, § 2800.2), assaulting a peace officer (Pen. Code, § 245, subd. (c)), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). And on June 26, 2017, the People alleged defendant violated his probation in case Nos. 382 and 438.

C.    *Consolidated Plea & Sentence*

On September 13, 2017, defendant pled guilty to assaulting a peace officer with a deadly weapon (a vehicle). In exchange for his plea, the remaining charges were dismissed with a *Harvey* waiver. In addition, the trial court found defendant to be in violation of his probation in case Nos. 382 and 438.

The trial court subsequently terminated defendant's probation in case Nos. 382 and 438 and sentenced defendant to an aggregate term of six years four months in state prison: the upper term of five years for assaulting a peace officer and two, consecutive eight-month terms for taking or driving a vehicle without consent. The court ordered defendant to pay various fines and fees and awarded him custody credits: 269 days in case No. 922, and 201 days in case No. 382.

4

Defendant appealed without a certificate of probable cause on December 4, 2017. The appeal was assigned to this panel for resolution on March 30, 2021.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Appointed counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____
RENNER, J.

We concur:

/S/

_____
BLEASE, Acting P. J.

/S/

_____
MURRAY, J.

5